IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TRAVIS JACKSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-cv-86 |
| § | |
| CORECIVIC, INC., § | |
| § | |
| Defendant. § | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant CoreCivic, Inc. ("CoreCivic") hereby gives notice pursuant to 28 U.S.C. § 1446 that the above-styled action, filed in the 345th Judicial District Court of Travis County, Texas, Cause No. D-1-GN-22-007317, is hereby removed to the United States District Court for the Western District of Texas, Austin Division. The following grounds support removal in this action:

**I.
BACKGROUND**

1.      Plaintiff Travis Jackson ("Plaintiff") initiated this lawsuit, captioned *Travis Jackson v. CoreCivic, Inc.*, in the 345th Judicial District Court of Travis County, Texas by filing Plaintiff's Original Petition on December 22, 2022. The state court designated Plaintiff's action as Cause No. D-1-GN-007317-CV ("State Court Action").

2.      CoreCivic was served with the summons and Plaintiffs' Original Petition, which is attached hereto as Exhibit 1, on January 9, 2023. As required by 28 U.S.C. § 1446(a), a copy of the docket sheet from the State Court Action is also attached hereto as Exhibit 2; True and correct copies of the request for process, citation and affidavit of service are attached as Exhibit 3; and

true and correct copies of all pleadings, and orders related to the state court proceeding served on Defendant are attached as Exhibit 4 and incorporated herein by reference.

3. Plaintiff's Original Petition purports to assert three causes of action: (1) gender discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA") (TEX. LAB. CODE § 21.001, *et seq.*); (2) age discrimination in violation of the TCHRA; and (3) retaliation in violation of the TCHRA.[1] Each of Plaintiff's claims against CoreCivic, Inc. appear to stem from the termination of his employment on or about November 12, 2020.

4. Plaintiff seeks primarily monetary relief in excess of $1,000,000 in this case, including lost wages, mental anguish and other damages.[2] Plaintiff also seek exemplary damages and attorney's fees.[3]

## II.
## DIVERSITY OF CITIZENSHIP

5. This Court has original jurisdiction over this civil action based on diversity of citizenship. *See* 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs and (2) the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both requirements are satisfied in this case.

**A.   The Amount in Controversy Exceeds $75,000.**

6. The amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and costs. According to Plaintiff's Original Petition, "The damages exceed $1,000.000.00 in this case."[4] Specifically, Plaintiff seeks damages for past and future lost wages, mental anguish and other damages, exclusive of interests and costs.[5] Thus, the amount in

---

[1] Ex. 1, ¶¶ 5.2-5.6.
[2] Ex. 1, ¶¶ 3.1, 6.1, 7.1.
[3] Ex. 1, ¶¶ 8.1, 9.1.
[4] Ex. 1, ¶ 3.1.
[5] Ex. 1, ¶¶ 6.1, 7.1.

controversy is well over the $75,000.00 jurisdictional threshold and the first removal requirement under 28 U.S.C. § 1332(a) is satisfied.

**B.      Complete Diversity of Citizenship Exists Between the Parties.**

7.      The second and final requirement for removal under 28 U.S.C. § 1332(a)(1) is also satisfied because this case involves citizens of different states. Upon information and belief, Plaintiff is a resident of the State of Texas.[6] In contrast, CoreCivic, Inc. is a corporation that was incorporated in the State of Maryland and, under the "nerve center" test, maintains its principal place of business in the State of Tennessee.[7] Because Plaintiff and CoreCivic are not citizens of the same state, there is complete diversity between the parties in this action.

### III.
### PROCEDURAL PREREQUISITES FOR REMOVAL

8.      Pursuant to 28 U.S.C. § 1446(a), a copy of all the process, pleadings, and orders served on CoreCivic in this action accompanies this Notice of Removal.[8]

9.      Venue is proper in the United States District Court for the Western District of Texas, Austin Division because it is the federal district and division that embraces the place where the State Court Action is pending.[9] CoreCivic files this Notice of Removal within thirty days of the date on which CoreCivic was served with the summons and Plaintiff's Original Petition. As a result, removal is timely and proper.[10]

10.     As required under 28 U.S.C. § 1446(d), CoreCivic will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Filing Notice of Removal with the 345th Judicial District Court of Travis County, Texas.

---

[6] Exhibit 5, Plaintiff's Charge of Discrimination, at 1 (listing street address).
[7] Exhibit 6, Declaration of Brian Costello; *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).
[8] Exhibits 3, 4.
[9] *See* 28 U.S.C. § 124(d)(1) (noting that the Austin Division comprises several counties, including Travis County).
[10] *See* 28 U.S.C. § 1441(a)-(b); 28 U.S.C. § 1446(b).

11. By removing this action, Defendant does not waive any defenses, objections, or motions available to it under state or federal law.

## IV.
## PRAYER FOR RELIEF

12. CoreCivic respectfully requests that this action be removed from the 345th Judicial District Court of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division.

Dated: January 26, 2023                             Respectfully submitted,


                                                    /s/ Jeremy W. Hawpe
                                                    Jeremy W. Hawpe
                                                    Texas Bar No. 24046041
                                                    jhawpe@littler.com
                                                    **LITTLER MENDELSON, P.C.**
                                                    2001 Ross Avenue
                                                    Suite 1500, Lock Box 116
                                                    Dallas, Texas 75201
                                                    214.880.8100 (Telephone)
                                                    214.880.0181 (Fax)

                                                    Melinda J. Wetzel
                                                    Texas Bar No. 24115637
                                                    mwetzel@littler.com
                                                    **LITTLER MENDELSON, P.C.**
                                                    100 Congress Ave, Suite 1400
                                                    Austin, Texas 78701
                                                    512.982.7250 (Telephone)
                                                    512.982.7248 (Fax)

                                                    **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document was served upon Plaintiff's counsel of record via the court's electronic filing system on the 26th day of January, 2023, including as follows:

*Via E-mail:*

John F. Melton
Michael W. Balcezak
THE MELTON LAW FIRM, P.L.L.C.
925 South Capital of Texas Hwy., Suite B-225
Austin, Texas 78746
Telephone: 512-300-0017
Facsimile:  512-330-0067
jmelton@jfmeltonlaw.com
michael@jfmeltonlaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Jeremy W. Hawpe*
Jeremy W. Hawpe